UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,                :
                                          :
          -against-                       :
                                          :         **SUMMARY ORDER**
SABA ROSARIO VENTURA,                    :          17-CR-418 (DLI)
                                          :
                    Defendant.            :
------------------------------------------------------------ x

**DORA L. IRIZARRY, Chief United States District Judge:**

On November 3, 2017, this Court issued an Order (the "November 3 Order") directing the Government to release Defendant Saba Rosario Ventura pursuant to bond conditions previously set by Magistrate Judge Victor V. Pohorelsky or to dismiss the instant indictment with prejudice, by **3:00 p.m. on November 9, 2017**. *See* Dkt. Entry No. 28. Before the Court is the Government's request for an indefinite stay of the November 3 Order while the Government decides whether to appeal the November 3 Order to the U.S. Court of Appeals for the Second Circuit. *See* Gov't Letter Requesting Stay, Dkt. Entry No. 29 ("Gov't Letter"). For the reasons that follow, the Government's request is denied.

**BACKGROUND**[1]

The Government requests a stay of the November 3 Order "to preserve the pending prosecution while the government consults with the Office of the Solicitor General about the possibility of appealing the Court's Order to the U.S. Court of Appeals for the Second Circuit." *See* Gov't Letter at 1. The request does not specify a time frame for the proposed stay, saying only: "The government will advise the Court immediately when a decision is made about pursuing

---

[1] The Court assumes familiarity with the facts of this case as set forth in the November 3 Order. *See* Nov. 3 Order at 2-3.

such an appeal." *Id.* Defendant opposes the request on three grounds:[2] the indefinite nature of the proposed stay, the amount of time that the Government had available to consult with the Solicitor General's Office before the Court's November 3 Order was issued, and the negative impact of a stay on Defendant's rights. *See* Def.'s Letter in Opp'n at 1-2 ("Def.'s Letter"), Dkt. Entry No. 30.

## DISCUSSION

"The four factors courts consider when determining whether to grant a stay are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Strougo v. Barclays PLC*, 194 F. Supp.3d 230, 233 (S.D.N.Y. 2016) (quoting *U.S. S.E.C. v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) (internal quotations omitted). Furthermore, "a stay is an intrusion into the ordinary processes of administration and judicial review," and, therefore, "it is not a matter of right; rather, it is an exercise of judicial discretion." *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 427, 433 (2009)) (internal quotations and brackets omitted). None of these factors are addressed in the Government's Letter. The Government does not discuss at all whether it has a likelihood of succeeding on the merits, nor does it specify what irreparable injury it would suffer in the absence of a stay.

The Government's sole basis for the necessity of a stay is to "preserve the pending prosecution" against Defendant. *See* Gov't Letter at 1. This contention is completely meritless. The Government was presented with two options: it could continue with the criminal prosecution

---

[2] Defendant also challenges the appropriateness of an interlocutory appeal of the November 3 Order, without any discussion or further elaboration. *See* Def.'s Letter in Opp'n at 1. The Court takes no view as to whether an interlocutory appeal of the November 3 Order would comply with 28 U.S.C. § 1292.

2

against Defendant, and comply with the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, by releasing Defendant from immigration custody, or it could continue to detain Defendant in the custody of U.S. Immigration and Customs Enforcement ("ICE"), in which case it must dismiss the indictment, with prejudice. *See* November 3 Order at 6-7. Both options remain available to the Government.

It is entirely within the control of the Government whether to preserve and proceed with the prosecution of Defendant. All it need do is comply with statutory and constitutional requirements. Such compliance does not foreclose the possibility that a removal hearing may be held once the prosecution of the criminal matter has concluded. Recently, the Government made this choice in a similar matter. In *United States v. Galitsa*, faced with the same choice it must make here, the Government proceeded with the criminal prosecution and released the defendant from ICE custody. *See generally*, *United States v. Galitsa*, No. 17-CR-324 (VEC) (S.D.N.Y.). In *Galitsa*, the Government neither requested a stay nor appealed the court's decision. The Government has not explained why the instant case is different from *Galitsa*. Indeed, as the Court observed in the November 3 Order, at least one U.S. Attorney's Office has conceded that ICE may not take custody of a defendant once release has been ordered in a criminal case. *See* Nov. 3 Order at 5, citing *United States v. Hernandez-Bourdier*, No. 16-CR-222-2, 2017 WL 56033, at *10 (W.D. Pa. Jan. 5, 2017). Moreover, the Government has other relief available to it. Should it choose not to release Defendant from ICE custody, forcing dismissal of the indictment, the Government could appeal that dismissal to the Court of Appeals. In no scenario is there irreparable injury to the Government.

The Government also states that it requires additional time for its consultation with the Office of the Solicitor General, but does not explain why additional time is required. *See* Gov't Letter at 1. As Defendant points out, on August 22, 2017, after detailed discussion with the parties,

3

the Court set a briefing schedule for Defendant's *Trujillo* motion, the subject of the November 3 Order.  *See* Def.'s Letter at 2.  Over two months have elapsed since that time, during which the Government could have consulted with the Solicitor General's Office so as to be prepared when this Court issued its decision.  Significantly, the Government was aware that the other district courts that have considered the *Trujillo* issue in a similar context, including the Southern District of New York, have reached the same conclusion as this Court did.  The Court finds no good cause for the Government's delay in deciding what course of action it would take in the event this Court ruled as it did.  The Court also finds that the Government has failed to make a "strong showing" of likely success on the merits.

    Most concerning is the irreparable injury to Defendant that would result from granting a stay.  While any stay remains in place, the status quo would be preserved and Defendant would remain in custody, in violation of his due process rights and his rights under the Bail Reform Act.  Any loss of liberty is a "substantial injury" that weighs against the issuance of a stay.

    Finally, the public has a strong interest in the enforcement of all individuals' constitutional and statutory rights.  In particular, the public has the right to expect that the Government will abide by its statutory obligations, in this case pursuant to the Bail Reform Act, and court rulings, and not seek an end-run around these obligations when it disagrees with them.

## CONCLUSION

The Government's request for a stay is denied. The Government must comply with the November 3 Order by the deadline previously set, *i.e.*, **3:00 p.m. on November 9, 2017**.

SO ORDERED.

Dated: Brooklyn, New York
November 8, 2017

　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　DORA L. IRIZARRY
　　　　　　　　　　　　　　　　　　　　　Chief Judge